UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| CORDIE S.[1], §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>KILOLO KIJAKAZI, §<br>Acting Commissioner of Social Security[2], §<br>§<br>Defendant. § | Civil Action No. 6:21-cv-00031-H-BU |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Plaintiff CORDIE S. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge James Wesley Hendrix transferred this case to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Dkt. No. 7. The undersigned granted Plaintiff's motion seeking leave to proceed *in forma pauperis* (Dkt. No. 6), and Plaintiff's motion for leave to proceed without local counsel (Dkt. No. 7). The parties have not consented to proceed before a magistrate judge.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

For the reasons explained below, the undersigned recommends that the Court affirm the Commissioner's decision.

## I.   BACKGROUND

Plaintiff alleges that her disability began December 28, 2018. *See* Administrative Record, Dkt. No. 20-1 ("Tr.") 15. Plaintiff initially filed applications under Title II for both a period of disability and disability insurance benefits. Tr. 15 Plaintiff also filed a Title XVI Supplemental Security Income on February 26, 2019. Tr. 15. Those applications were denied on August 26, 2019, and again upon reconsideration on January 13, 2020. Tr. 190, 204. After both denials, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 212. That hearing was held telephonically on September 10, 2020, with the ALJ sitting remotely.[3] Tr. 33-52. Plaintiff, who appeared with counsel, and a vocational expert ("VE") offered testimony at the hearing.

At the time of the hearing, Plaintiff was 51 years old. Tr. 270. She completed the ninth grade and has past work experience as a nurses' aide. Tr. 232, 70.

The ALJ found that Plaintiff was not disabled and was not entitled to disability benefits. *See* Tr. 12-29 ("ALJ Decision"). At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 28, 2018, the alleged disability onset date.[4] Tr. 17. At step two, the ALJ found the Plaintiff had several severe impairments including degenerative disc disease, degenerative joint disease,

---

[3] The Administrative Record does not clarify where the Plaintiff or the ALJ were located for the telephonic hearing. *See* Tr. 52, 54.
[4] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

2

diabetes mellitus, obesity, carpal tunnel syndrome, and chronic obstructive pulmonary disease ("COPD"). *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. Tr. 19. The ALJ also determined the Plaintiff had the residual functional capacity ("RFC") to perform light work as defined 20 C.F.R. 404.1567(b) and 416.967(b), except:

> [S]he is able to sit without interruption for up to 30 minutes, followed by an opportunity to stand and stretch briefly (one to two minutes) without leaving the work station and remaining on task. She can stand and/or walk without interruption for a combined uninterrupted total of 30 minutes, followed by an opportunity to sit for up to five minutes while remaining on task. She can frequently balance; occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs; and never climb ladders, ropes, or scaffolds. She can handle, finger, feel, and operate hand controls frequently with both hands. She can operate foot controls occasionally with her bilateral lower extremities. She can tolerate no more than occasional exposure to extreme temperatures or respiratory irritants."

Tr. 19.

The ALJ based her findings and decision on Plaintiff's medical records, the opinions of the State Agency medical consultants ("SAMCs"), prior administrative medical findings, and the Plaintiff's testimony. Tr. 19-23. At step four, the ALJ found the Plaintiff could not return to her past relevant work as Nurse's Aide, defined as medium, skilled work with a Specific Vocational Preparation of four. Tr. 23. The ALJ then considered the Plaintiff's age, education, RFC, and the testimony of the VE to determine that there were jobs in the national economy that exist in significant numbers that the Plaintiff can perform. Tr. 24. Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined by the Social Security Act, for the period in question. Tr. 25.

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II.    LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995);

*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802

(5th Cir. 1989) (per curiam); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). Instead, a court will only reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced plaintiff. *Id*. That is, only if plaintiff's substantial rights have been affected by the unsubstantiated decision. *See Audler*, 501 F.3d at 448.

### III.    ANALYSIS

Plaintiff challenges the ALJ's decision on the basis that the ALJ relied solely upon two SAMCs' opinion evidence that did not include Plaintiff's heart conditions, and thus the RFC was not supported with substantial evidence. Dkt. No. 22 at 11. Presented as related sub-issues, Plaintiff also argues that the ALJ failed to develop the factual record by not obtaining an opinion from Plaintiff's primary care provider ("PCP"), Family Nurse Practitioner Ann Jones ("FNP Jones") and failed to evaluate Plaintiff's Grade IV/VI heart murmur to be a severe impairment. *Id*. at 15. The undersigned takes each challenge in turn.

A. <u>The ALJ did not rely solely on the opinions of agency reviewers.</u>

Plaintiff argues that the "ALJ based her physical RFC [for Plaintiff] solely on opinion evidence from two non-examining state agency reviewers, Drs. Rosenstock and Lee," against stated precedent in *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017). Dkt. No. 22 at 13. Specifically, Plaintiff argues that the agency reviewers "did not consider [Plaintiff's] heart attack/coronary artery syndrome as a severe, or even non-severe,

impairment, so they assessed no limitations to her heart trouble in their physical RFC assessments." *Id*. (internal citations to the record omitted). Plaintiff asserts that the reviewers, and consequently the ALJ, failed to discuss Plaintiff's "June 15, 2018 heart attack."[5] *Id*. at 14. Rather, Plaintiff asserts that if the ALJ had properly evaluated Plaintiff's heart attack and cardiovascular diagnoses at step two, the ALJ would have placed Plaintiff at a sedentary RFC. *Id*. at 16. And for this reason, Plaintiff asserts that remand is required by law. *Id*.

The Commissioner responds that the ALJ's decision was supported by the substantial evidence from the SAMCs, as well as medical records and Plaintiff's hearing testimony. Dkt. No. 23 at 1-2. The Commissioner asserts that the ALJ expressly stated that she considered all evidence and cited Fifth Circuit precedent that instructs courts to

---

[5] In her brief, Plaintiff states that on June 15, 2018, she went to the emergency room and that "[e]lectrocardiography testing was abnormal and positive for an acute myocardial infarction and acute coronary artery syndrome (Tr. 442, 532)." Dkt. No. 22 at 6. She faults the SAMCs for not considering her "heart attack/coronary artery syndrome a severe, or even non-severe, impairment (Tr. 132, 144), so they assessed no limitations to her heart trouble in the physical RFC assessments." *Id*. at 13. And she argues that her "acute coronary syndrome status-post heart attack is a primary contributor to [her] disability case . . . [y]et, neither state agency reviewing physician evaluated her heart problem as either a severe or non-severe impairment, and in turn, the ALJ similarly left out any discussion whatsoever of [Plaintiff's] June 15, 2018 heart attack." *Id*. at 14. Plaintiff further argues that "[]t]he ALJ's analysis shows that the ALJ did not realize [Plaintiff] had suffered a heart attack on June 15, 2018 (Tr. 442, 532) . . . " and "[t]he ALJ's failure to realize [Plaintiff] had suffered a heart attack . . . shows exactly why it is remandable error in the Fifth Circuit to base an administrative decision solely on opinion evidence from non-examining state agency consultants." *Id*. at 14-15. Plaintiff continues this argument in her reply brief where she insists, among other things, that "the credible evidence of record shows that [Plaintiff] had an acute myocardial infarction on June 15, 2018 (Tr. 442, 532) . . . " Dkt. No. 24 at 3.
 This argument, however, is not supported in the record, including the pages that Plaintiff cites. The record shows that on June 15, 2018, Plaintiff went to the ER for chest pain, and in-take paperwork indicates preliminary differential diagnoses of "abnormal EKG, Acute coronary syndrome, myocardial infarction, acute pericarditis [chest pain], anxiety." Tr. 442. Upon further assessment, the preliminary differential diagnosis of heart attack or myocardial infarction did not pan out, as the ER physician noted Plaintiff's cardiovascular systems as within normal limits, negative for any acute changes, and at a low-risk HEART score. Tr. 440-444. Plaintiff was released with a "unspecified chest pain" diagnosis. Tr. 444. Medical records from Plaintiff's examinations following June 15, 2018, are devoid of any reference to a heart attack or myocardial infarction, including in the medical histories provided by Plaintiff herself.
 In short, there is no evidence to support Plaintiff's representations to the Court of having had a heart attack or coronary artery syndrome. The briefing by Plaintiff's attorney on this point appears to be, at best, inaccurate. Greater care must be taken in the future so that such a lack of accuracy is not mistaken for a lack of candor.

7

consider such statements as true representations of the ALJ's actions. *Id*. at 2 (citing *Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010)). The Commissioner asserts that the ALJ considered Plaintiff's medical records, hearing testimony, and prior administration determinations, in addition to the SAMCs' opinions. *Id*. at 4-5.

In reply, Plaintiff asserts that the Commissioner mistakenly relies on the non-precedential case of *McCray v. Kijakazi*, 2022 WL 301544 (5th Cir. Feb. 1, 2022), to overturn the *Kneeland* precedent finding reversible error for exclusive reliance on non-examining agency reviewer opinions. Dkt. No. 24 at 1-2. Plaintiff repeats that the ALJ failed to consider the medical record evidence of her severe heart events and symptoms, and thus, the RFC is not supported by substantial evidence. *Id*. at 3-4.

The purpose of an RFC is to determine the most an individual can do despite their limitations. Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *1 (S.S.A. July 1, 1996). To determine an individual's RFC, an ALJ will consider all evidence, and then determine what evidence is consistent and if that evidence is sufficient to determine disability. 20 C.F.R. § 404.1520b(a). The ALJ will also determine what evidence is incomplete or inconsistent and how to best evaluate and manage that evidence or whether to use that evidence at all. *Id.* at (b)-(c). An ALJ is not required to "follow formalistic rules in his articulation" of the evidence supporting his decision, and failure to do so does not by itself deprive the RFC of substantial evidence. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

An RFC must be based on all relevant evidence and consistent with both objective medical evidence and other evidence. 20 C.F.R. § 404.1529. An ALJ may consider medical

opinions and prior administrative findings, looking particularly at the supportability and consistency of those records. *Id*. §§ 404.1520c(b)(a)(1)-(2), 416.920(e). An ALJ may not, however, rely solely on the medical opinion of a non-examining state agency reviewing physician to serve as substantial evidence for the RFC where there is a conflicting medical opinion. *Kneeland v. Berryhill*, 850 F.3d 749, 759-60 (5th Cir. 2017).

Here, Plaintiff's argues that the ALJ relied exclusively upon agency reviewers and in doing so, failed to have substantial evidence to support the RFC with regard to Plaintiff's heart conditions. This assertion has no merit in either law or fact.

Contrary to Plaintiff's presentation of the facts, the record shows that the ALJ relied upon more than the reviewers' opinions at step three. The ALJ references the medical record ("the medical record contains generally mild findings and minimal, conservative treatment."), and Plaintiff's hearing testimony ("[a]t the hearing, [Plaintiff] testified . . ."), along with the persuasive opinions of the two agency reviewers, Drs. Rosenstock and Lee. Tr. 21-23. And Dr. Rosenstock's opinion includes specific reference to Plaintiff's June 15, 2018, ER treatment for chest pain, and her history of heart murmur diagnoses and treatment. Tr. 135. Dr. Rosenstock noted consistently normal findings for Plaintiff's heart conditions, and determined that Plaintiff's stated limitations are only partially consistent with the record's objective medical evidence. Tr. 135.

Plaintiff's reliance on *Kneeland* as the applicable, controlling standard is equally misplaced. In *Kneeland*, the Fifth Circuit remanded when an ALJ rejected without explanation an examining physician's medical opinion and relied instead on the non-examining agency reviewer reports. 850 F.3d at 759-60. The Fifth Circuit instructed that a

9

report from a non-examining state agency reviewing physician "does not alone constitute substantial evidence." *Id*. at 761. Here, in contrast with *Kneeland*, the ALJ did not reject without explanation an examining physician's medical opinion and rely solely on the opinion of a non-examining reviewer. Rather, as detailed above, the ALJ relied upon the two SAMCs' opinions as well as Plaintiff's medical records and testimony.

The ALJ, however, did fail to discuss Plaintiff's non-severe impairments in the RFC analysis, which as the undersigned explains below, constitutes harmless legal error.

An individual's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1, *3-5. The ALJ is not required to expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422-23 (5th Cir. 2008) (per curiam)).

"[T]he ALJ must still consider the impact of [any] non-severe impairments—either singly or in combination with other conditions—when he determines [his] RFC." *Gonzales v. Colvin*, No. 3:15-CV-0685-D, 2016 WL 107843, at *5 (N.D. Tex. Jan. 11, 2016) (internal quotation omitted); *see also* 20 C.F.R. 404.1545(a)(2). "This is because even non-severe limitations may combine with other severe impairments to prevent an individual from doing past relevant work or narrow the range of work that the individual can perform." *Tusken v. Astrue*, No. 4:08-CV-657-A, 2010 WL 2891076, at *12 (N.D. Tex. May 25, 2010), *R & R adopted* 2010 WL 2891075 (N.D. Tex. July 20, 2010).

Prior to determining Plaintiff's RFC, the ALJ concluded at step two that Plaintiff suffered from the severe impairments of degenerative disc disease, degenerative joint disease, diabetes mellitus, obesity, carpal tunnel syndrome, and chronic obstructive pulmonary disease. Tr. 17-18. The ALJ further determined that Plaintiff's gastroesophageal reflux disease, heart murmur, and urinary incontinence were non-severe impairments. Tr. 18. In making this latter determination, the ALJ walked through objective evidence of Plaintiff's heart-related conditions and treatment in the medical records. Tr. 18. The ALJ pointed to Plaintiff's ER visit on June 15, 2018, when Plaintiff presented with chest pain, but was assessed to be within normal cardiovascular limits and discharged with an unspecified chest pain diagnosis. Tr. 440-44. Shortly after the ER visit, Plaintiff saw her PCP, who noted that Plaintiff had no chest pains, which FNP Jones deemed "resolved," and that prior chest pains were successfully treated with a nitroglycerin prescription. Tr. 485-490. At a later appointment on August 9, 2019, Plaintiff presented as negative for chest pains again, and was diagnosed with a Grade IV/VI heart murmur. Tr. 586-89. Plaintiff was instructed to continue using the nitroglycerin for chest pains, exercise regularly, and would later be referred to a cardiologist. Tr. 591. In the agency's physical examination by Dr. Narendra Nigalye on July 15, 2019, Plaintiff was determined to have subjective chest pain, but a physical examination showed normal heart sounds and no murmur. Tr. 520-24. Based on these records, and before proceeding to her RFC analysis, the ALJ found Plaintiff's "chest pain would not cause more than minimal functional limitations." Tr. 18.

The RFC analysis, however, is silent as to Plaintiff's non-severe impairments. The ALJ did state that she considered all severe and non-severe impairments in her RFC

analysis, and although the Court should consider such a statement as true, a generic statement is "not a satisfactory replacement for specific discussion and consideration of evidence." *Allison v. Berryhill*, No. 1:16-CV-0170-BL, 2018 WL 1274853, at *8 (N.D. Tex. Fe. 16, 2018), *R & R adopted* 2018 WL 1276820 (March 9, 2018). It is well-settled that to make determination of disability, "the ALJ must analyze both the disabling effect of each of the claimant's ailments and the combined effects of all of these impairments." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (citation and quotation marks omitted).

Although failure to specifically discuss Plaintiff's non-severe impairments in the RFC is legal error, remand is not required if the error is harmless. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). A lack of discussion of a non-severe impairment in the RFC analysis does not constitute reversible error when the RFC is supported by substantial evidence. *See Gonzales*, 2016 WL 107843, at *5.

The ALJ's step two analysis shows that she took Plaintiff's heart conditions into account prior to the RFC analysis. As explained above, the ALJ laid out the objective evidence of Plaintiff's heart condition treatment—including the very records cited by Plaintiff as proof of her condition—showing normal ranges, mild treatment, and recommendations to increase exercise. *See* Dkt. No. 22 at 14.

Even though the ALJ did not discuss the limitations from Plaintiff's non-severe impairments, Plaintiff's hearing testimony regarding her heart condition are reflected in the RFC. At the hearing, Plaintiff testified that she experiences chest pains every other day and had heart surgery in the past. Tr. 66. Plaintiff testified that the chest pains are triggered by exposure to heat and excessive movement. Tr. 66. The RFC limited Plaintiff to "no more than occasional exposure to extreme temperatures," and standing or walking to no more than "30 minutes followed by an opportunity to sit for up to five minutes while remaining on task." Tr. 20-21. The RFC reflects both Plaintiff's stated limitations and the objective medical evidence related to her heart murmur and chest pains.

For these reasons, the undersigned finds that the ALJ did not commit reversible error by failing to include discussion of Plaintiff's non-severe impairments in the RFC analysis.

### B. The ALJ did not fail to develop the factual record by not seeking out a medical opinion from Plaintiff's Nurse Practitioner.

As a sub-issue, Plaintiff asserts that the ALJ failed to develop the factual record by not seeking a medical opinion from FNP Jones, Plaintiff's PCP, based on FNP Jones' statement that she would refer Plaintiff to a cardiologist once Plaintiff was "established on disability." Dkt. No. 22 at 15 (citing Tr. 589, 591). Plaintiff argues that the ALJ should have found FNP Jones' statement to be *prima facie* evidence that FNP Jones "expected [Plaintiff] would receive disability," and therefore, would have provided a medical opinion that would alter the ALJ's disability determination. *Id*. Plaintiff states this violates the ALJ's *Ripley* duty to develop the medical record. *Id*. at 15-16 (citing *Ripley*, 67 F.3d 552).

The Commissioner responds that under the revised regulations, FNP Jones' statement is not a medical opinion and may not serve as evidence of disability. Dkt. No. 23 at 8 (citing 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2), (3)). The Commissioner asserts that the ALJ's affirmative duty to order a consultative examination is applicable when the medical evidence as a whole is not sufficient to support a decision, and here, the record contained sufficient evidence for the ALJ to make a disability determination. *Id*. at 9-10.

The Plaintiff replies that when record evidence "raises the requisite suspicion" of the need for an examination, the ALJ must order such an exam. Dkt. No. 24 at 5-6 (quoting *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989)). Plaintiff states that FNP Jones' statement showed that the medical record was deficient in information about Plaintiff's heart conditions. *Id*. at 5.

A medical opinion that an ALJ may rely upon is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. § 404.1513(a)(2). And medical evidence, distinct from a medical opinion, is "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." *Id*. § 404.1513(a)(3).

An ALJ may decide to order a consultative examination if, after considering the available medical reports, an inconsistency exists in the records or the records as a whole are insufficient to allow a determination. *Id*. § 404.1519a(b), 416.919a(b).

Applying the regulations, Plaintiff's argument has no merit. First, FNP Jones' statement is not a medical opinion reflecting Plaintiff's abilities or limitations, and cannot be relied upon by the ALJ *as prima facie* evidence—as Plaintiff asserts—of disability. And the ALJ is not required to order a consultative examination or additional medical records when the record as a whole is sufficient to allow a determination. As the undersigned addressed above, the record contained substantial evidence to support the ALJ's determination. Therefore, Plaintiff fails to show harmful legal error in this issue.

C. <u>The ALJ applied the proper standard to find that Plaintiff's heart murmur was not a severe impairment.</u>

Finally, Plaintiff asserts that the ALJ failed to properly determine the severity of Plaintiff's heart murmur, diagnosed as a "Grade IV/VI." Dkt. No. 22 at 14-15. Plaintiff argues that the ALJ failed to apply the *Stone* standard to determine impairment severity, and instead concluded that Plaintiff's Grade IV/VI heart murmur was a "slight abnormality." *Id*. at 15 (citing *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

The Commissioner responds that the ALJ considered the objective evidence of Plaintiff's heart murmur, and applied it to the correct severity determination standard to conclude that the impairment would have a minimal effect on Plaintiff's ability to work. Dkt. No. 23 at 5-6. The Commissioner points to the ALJ's use of SSR 85-28's language, which the Fifth Circuit confirmed is not substantially different enough from the *Stone* standard to warrant a finding of error. *Id*. at 6 (citing *Keel v. Saul*, 986 F.3d 551, 555-57 (5th Cir. 2021)).

In reply, Plaintiff asserts that the ALJ ignored evidence of a heart attack, acute coronary artery syndrome, and other physical manifestations of Plaintiff's heart conditions. Dkt. No. 24 at 3-4. Plaintiff argues that the ALJ failed to perceive that Plaintiff's heart murmur grade was "abnormal and, in all likelihood, contributing to her regular chest pains." *Id*. at 3 (footnotes to websites omitted).

The regulations define a severe impairment as "any impairment or combination of impairments which significantly limits [one's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The Fifth Circuit holds that "slight abnormality" is non-severe wherever it has "such minimal effect on that individual that it would not be expected to interfere with the individual's ability to work." *Stone*, 752 F.2d at 1101. The Social Security provided similar guidance, clarifying that "[a]n impairment or combination of impairments" as "not severe" if "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985).

When an ALJ does not specifically cite the *Stone* standard but instead uses the SSR 85-28 standard, the ALJ does not commit legal error. *Keel*, 986 F.3d at 556. Because both standards use the similar but not identical language of "such minimal effect," the standards are substantially the same and do not warrant a finding of error. *Id.* (quoting SSR-85-28, 1985 WL 56856, at *3).

Here, the ALJ evaluated Plaintiff's medical record of heart murmur and chest pain objective evidence and treatment, and found that the "[n]ormal objective findings suggest

16

that claimant's reports of chest pain would not cause more than minimal functional limitations." Tr. 18. Although the ALJ did not cite *Stone* or SSR 85-28, "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). Because the ALJ applied a "not more than minimal functional limitation" standard rather than "such minimal effect," the undersigned finds that remand is not justified. *See Keel*, 986 F.3d at 556 (stating that remand is only appropriate "where there is no indication the ALJ applied the correct standard.").

For these reasons, the undersigned FINDS that the ALJ's RFC determination as it relates to Plaintiff's heart issues meets the standard of substantial evidence and does not constitute reversible error. The ALJ is the final opinion on the interpretation of the evidence and this court cannot reweigh the evidence. *See Greenspan*, 38 F.3d at 236.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the decision of the ALJ be AFFIRMED. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge James Wesley Hendrix in accordance with normal procedures.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 28th day of June, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE